CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 5:07CR00063-14 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RANDI OJEDA POOT, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

On April 30, 2008, the defendant, Randi Ojeda Poot, entered a plea of guilty to conspiracy to distribute 50 grams or more of cocaine base, five kilograms or more of cocaine powder, and 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. He was subsequently sentenced to a term of imprisonment of 120 months. The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

In the instant case, the defendant was subject to a statutorily required minimum term of imprisonment of 120 months for his controlled substance offense, and the court ultimately

imposed the mandatory minimum term of imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2006). Because the defendant already received the lowest term of imprisonment authorized by statute, he is not eligible for a sentence reduction under the amended provisions of the advisory sentencing guidelines. Simply stated, the amended guideline provisions applicable to controlled substance offenses do not alter or affect the mandatory minimum penalties required by statute. See U.S.S.G. § 1B1.10 app. n. 1(a). For these reasons, the defendant's motion for reduction in sentence must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 28th day of September, 2015.

_____
Chief United States District Judge